IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DIANA AIDA GARCIA GARCIA, et. al<br><br>Plaintiffs<br><br>v.<br><br>RAMON MARCIANO GARCIA ORONCE, et. al<br><br>Defendants | CIVIL NO.: 07-1840 (GAG/MEL) |

**OPINION AND ORDER**

**I.   PROCEDURAL BACKGROUND**

On June 19, 2008, plaintiffs filed an amended complaint alleging state law claims of fraud and misrepresentation regarding real property against: (1) Ramón Marciano García Oronce; (2) Rosa Jamardo García; (3) Marta Jamardo García; (4) Rafael Molinari García; (5) Lucy Molinari García; and (6) Candido Molinari García. (Docket 43 ¶¶ 4-9.) The amended complaint requests an accounting of the profits received by defendants and a judicial sale of the property. Id. at ¶¶ 56-71. After filing the amended complaint, plaintiff requested that her attorney resign from the case. (See Docket 53 ¶¶ 1-4.) On September 26, 2008, the Court granted plaintiff thirty days to obtain new counsel. (Docket 54.) On October 29, 2008, the Court granted plaintiff an additional thirty days to obtain new counsel. On November 14, 2008, defendants filed a motion to dismiss arguing that diversity jurisdiction was not established, and even if it was established, the "probate exception" precludes the exercise of federal jurisdiction over the case. (See Docket 58.) On December 15, 2008, the Court granted a final extension of thirty days to obtain new counsel and ordered that any opposition to the motion to dismiss be filed no later than January 14, 2009. (Docket 66.) Plaintiffs

García García v. García Oronce
Civil No. 07-1840 (GAG/MEL)
Order and Opinion

have not filed any opposition specifically addressing the arguments of the motion to dismiss.

In consideration of the motion to dismiss for lack of jurisdiction, the Court ordered plaintiffs and defendants to file any documentary evidence of the conclusion of probate proceedings regarding plaintiffs' alleged ownership stake in the property subject to the present litigation by February 16, 2009. (Docket 71.) On February 10, 2009, defendants filed an informative motion stating that they "are not in possession of any evidentiary documents showing that probate court proceedings are pending regarding the estate at issue in this case." (Docket 73 ¶ 5.) On February 18, 2009, plaintiffs filed a motion stating that: (1) "[c]ertified copies of final order of Registration [by the Puerto Rico Treasury department and "CRIM"] and any other documentary evidence of inheritance duly translated should be forthcoming soon;" (2) no probate proceedings are pending in Puerto Rico; (3) a certified English translation of García-García's father's last will and testament would be filed. (Docket 76 ¶¶ 1-3.)

**II.   LEGAL ANALYSIS**

**A. Fed. R. Civ. P. 12(b)(1) Standard**

Pursuant to Fed.R.Civ.P. Rule 12(b)(1) ("12(b)(1)"), a defendant may move to dismiss an action for lack of subject matter jurisdiction. "As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (citing Alicea-Rivera v. SIMED, 12 F. Supp. 2d 243, 245 (D.P.R. 1998)). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. See Murphy v. United States, 45 F. 3d 520,

2

García García v. García Oronce
Civil No. 07-1840 (GAG/MEL)
Order and Opinion

522 (1st Cir. 1995) cert. denied, 515 U.S. 1144 (1995); Droz-Serrano v. Caribbean Records Inc., 270 F. Supp. 2d 217 (D.P.R. 2003).

Challenges to subject matter jurisdiction through a Rule 12(b)(1) motion may constitute either a facial or a factual challenge. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001); Mercado-Arocho v. United States, 455 F. Supp. 2d 15, 18 (D.P.R. 2006); Rivera de León v. Maxon Eng'g Servs., Inc., 283 F. Supp. 2d 550, 554 (D.P.R. 2003). To decide whether a 12(b)(1) motion is a facial or factual challenge, a court must determine whether the motion disputes the complaint's allegations regarding subject matter jurisdiction. Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 162 n.8 (1st Cir. 2007). If the 12(b)(1) motion does not dispute subject matter allegations, then it challenges only the facial sufficiency of the complaint. Id. If the 12(b)(1) motion disputes the subject matter allegations, then it challenges the factual basis for subject matter jurisdiction. Id.

Under a facial challenge, the moving party challenges jurisdiction based on the allegations in the complaint. See Valentin, 254 F.3d at 363; Mercado-Arocho, 455 F. Supp. 2d at 18; Rivera de León, 283 F. Supp. 2d at 554. Thus, "the court must consider all the allegations in the complaint as true, and will not look beyond the face of the complaint to determine jurisdiction." Mercado-Arocho, 455 F. Supp. 2d at 18. A facial attack only requires a court to examine the complaint and determine whether the plaintiff "'has sufficiently alleged a basis of subject matter jurisdiction." Torres-Negrón, 504 F.3d at 162 (1st Cir. 2007) (quoting Scarfo v. Ginsburg, 175 F.3d 957, 960 (11th Cir. 1999)); see e.g., Fina Air Inc., 555 F. Supp. 2d at 325-28 (examining a facial attack and applying the

3

<u>García García v. García Oronce</u>
Civil No. 07-1840 (GAG/MEL)
<u>Order and Opinion</u>

standard articulated in <u>Torres-Negrón</u>).

Under a factual challenge, "the allegations have no presumptive truthfulness, and...the court has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." <u>Mercado-Arocho</u>, 455 F. Supp. 2d at 18 (citations omitted). The analysis changes depending on whether the challenged facts would also decide issues relating to the merits of the case. <u>Torres-Negrón</u>, 504 F.3d at 163. If the challenged facts do involve the merits of the case, the court must use a summary judgment standard and dismiss "'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" <u>Id.</u> (quoting <u>Trentacosta v. Frontier Pac. Aircraft Indus., Inc.</u>, 813 F.2d 1553, 1558 (9th Cir. 1987)). If the challenged facts do not involve the merits of the case, then the court is free to consider evidence and decide the question of its subject matter jurisdiction over the case. <u>Id.</u>

**B. Diversity Jurisdiction**

Defendant argues that plaintiff has failed to establish complete diversity. (Docket 58 at 2-11.) Defendant claims that one of the plaintiffs, Diana Aida García-García ("García-García"), is the executor of her father's estate should therefore be deemed a citizen of Puerto Rico, thus destroying the basis for diversity jurisdiction in the present case. <u>Id.</u> at 3. Title 28, United States Code, Section 1332 provides federal subject matter jurisdiction for civil actions where the amount in controversy "exceeds the sum or value of $75,000" and the action is "between citizens of different states." In order to invoke federal diversity jurisdiction, the diversity of the parties must be complete, i.e., every plaintiff must be diverse from every defendant. <u>Exxon Mobil Corp. v Allapattah Servs., Inc.</u>, 545

García García v. García Oronce
Civil No. 07-1840 (GAG/MEL)
Order and Opinion

U.S. 546, 553 (2005) (citing Strawbridge v. Curtiss, 7 U.S. 267 (1806); Owen Equipment & Erection Co. v Kroger, 437 U.S. 365 (1978)). For the purposes of determining citizenship, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent." 28 U.S.C. 1332(c)(2).

Defendants also argue that the present case falls under an exception to federal diversity jurisdiction for probate matters. (Docket 58 at 8-11.) Despite the existence of diversity jurisdiction, "'a federal court may not probate a will, administer an estate, or entertain an action that would interfere with pending probate proceedings in a state court or with a state court's control of property in its custody.'" Mangieri v. Mangieri, 226 F.3d 1, 2 (1st Cir. 2000) (citing Ashton v. Josephine Bay Paul & Michael Paul Found., Inc., 918 F.2d 1065, 1071 (2d Cir. 1990)). Although federal courts have not always clearly defined the scope of the probate exception, "'[a]s a general matter, courts tend to view the probate exception as extending to all suits 'ancillary' to the probate of a will." Id. (Citing Georges v. Glick, 856 F.2d 971, 973 (7th Cir. 1988)); see also Junco Mulet v. Junco de la Fuente, 228 F. Supp. 2d 12, 14-15 (D.P.R. 2002). The Supreme Court has further clarified, "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Marshall v. Marshall, 547 U.S. 293, 311-12 (2006).

In the present case, defendants challenge the factual allegations in the complaint as to subject

5

matter jurisdiction. (See Docket 58 at 10.) For this reason, the Court may look beyond the face of the complaint discretion and has discretion "to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts" to determine the existence of subject matter jurisdiction. Mercado-Arocho, 455 F. Supp. 2d at 18 (citations omitted). It is unclear from the complaint, pleadings, and other materials submitted by defendant whether: (1) García-García is acting as a legal representative for the estate of her father, thus precluding complete diversity; or (2) the complaint contains actions sufficiently related to the administration of an estate to fall within the probate exception to federal diversity jurisdiction.

Regarding García-García's status as the legal representative of her father's estate, defendant makes two arguments. (See Docket 58 at 2-11.) First, defendant argues that the center of the controversy is property originally owned by García-García's grandparents and Puerto Rico law mandates that any claim to the land be brought by García-García as a representative of her father. Id. at 3-4. This argument is unpersuasive both factually and legally. Defendants submit a certified translation of the last will and testament of García-García's father indicating that at the time of its execution, García-García's father already had some co-ownership stake in the property originally owned by García-García's grandparents. (See Docket 64-2; Docket 43.) Thus, the issue of inheritance from García-García's grandparents is irrelevant. Furthermore, the Puerto Rico law cited by defendants does not impute the status of legal representative of a parent's estate, but merely uses the word "representative" to describe a manner of intestate succession. See P.R. LAWS ANN. tit. 31 § 2644 (2006).

6

García García v. García Oronce
Civil No. 07-1840 (GAG/MEL)
Order and Opinion

Second, defendant argues that in a motion for an extension of time García-García states that she is the executor of her father's estate. (Docket 55.) The motion does in fact state "I am, Diana Aida García García, the Executor of my father's Last Will and Testament" and "My father's Certified Last Will and Testament has been ignored for the last twenty-six years (26), since my father's death." Id. This language mirrors a subsequent motion for extension of time which states "Plaintiff's are entitled to their inheritance as stated in their [sic] Last Will and Testament of almost twenty-seven (27) years" and in which García-García again refers to herself as "Executor." (Docket 67.) Similar language regarding executorship and inheritance also appears in plaintiff's motion responding to the Court's order to produce documentary evidence regarding the conclusion of probate proceedings. (See Docket 76.) Plaintiffs' amended complaint, however, repeatedly alleges that plaintiffs are suing in their individual capacity and "[a]ll probate proceedings concerning this property have concluded and there is no will in controversy nor is there are [sic] controversy over the probate nor is there any estate being administered." (See e.g., Docket 43 at 6.) The amended complaint also alleges that "plaintiff's are fully vested in their share of this community property; upon information and belief, the only remaining aspect is the filing of an Instance before the Registry of Property registering the twenty five percent interests of the Plaintiffs and the Defendants respective shares of the community property." Id.

The ambiguity over García-García's status and the nature of this complaint also extends to Defendants' argument that the probate exception applies to the present case. (See Docket 58 at 8.) Defendants' claim that the probate exception is applicable here because plaintiff requests equitable

7

García García v. García Oronce
Civil No. 07-1840 (GAG/MEL)
Order and Opinion

remedies that appear similar to those of a probate action, such as an accounting and partition of the property. (Docket 58 at 10.) There is nothing prohibiting the exercise of federal jurisdiction, however, unless it involves the "probate or annulment of a will[,] the administration of a decedent's estate[, or] endeavoring to dispose of property that is in the custody of a state probate court." Marshall, 547 U.S. 293, 311-12 (2006). Thus, the equitable form of the action will not destroy subject matter jurisdiction over the case.

The Court finds, however, that the probate exception does apply in the present case because it appears that plaintiffs are not actually suing in their individual capacities as co-owners of the property. Looking beyond the face of the complaint, García-García's repeated statements that she is the executrix of her father's will and that she and the other plaintiff's are entitled to their inheritance suggest that plaintiffs are claiming an ownership stake in the property by presenting their entitlement in the will of García-García's father. Without any documentary evidence to the contrary, it appears that plaintiffs are effectively asking the federal court to re-open and probate the will, thus falling squarely within the probate exception to federal diversity jurisdiction. See id. Because that seems to be the nature of the claim, it also puts García-García in the role of executor, or legal representative, of her father's estate and destroys complete diversity between the parties. See 28 U.S.C. 1332(c)(2).

### III. CONCLUSION

For the reasons explained above, the motion to dismiss, (Docket 58), is hereby GRANTED and plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.

García García v. García Oronce
Civil No. 07-1840 (GAG/MEL)
Order and Opinion

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of February, 2009.

s/Marcos E. López
U.S. MAGISTRATE JUDGE

9